NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD CECCACCI, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 07-3981 (WHW) |
| : | |
| EPS ENVIRONMENTAL, INC. d/b/a : | |
| SOLUCORP INDUSTRIES, LTD., PETER : | |
| MANTIA and RICHARD RUNCO, and : | |
| JOHN DOES 1 through 10, : | |
| : | |
| Defendants. | |

**Walls, Senior District Judge**

Plaintiff Edward Ceccacci has brought this matter as a diversity action pursuant to 28 U.S.C. §1332. Having reviewed the plaintiff's complaint, it is evident that the Court does not have subject matter jurisdiction over this matter.

"Federal Courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). If a basis for subject matter jurisdiction does not exist, the Court must dismiss the matter. Fed. R. Civ. P. 12(h)(3). "In order to sustain jurisdiction based on diversity of the parties, there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." Employers Ins. of Wausau v. Crown Cork and Seal Co., 905 F.2d 42, 45 (3d Cir. 1990). If one of the defendants is a citizen of the same state as any of the plaintiffs, there is no diversity and the court does not have jurisdiction.

**NOT FOR PUBLICATION**

In his pleadings, Plaintiff alleges that he is a resident of the State of New Jersey. (Complaint ¶ 5.) He also alleges that one of the defendants, Peter Mantia, is resident of the State of New Jersey. (Complaint ¶ 7.) Diversity between the parties is not complete and the complaint must be dismissed.

For the preceding reasons, Plaintiffs' complaint is dismissed without prejudice.

s/William H. Walls
United States Senior District Judge
